UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHIRLPOOL CORPORATION,

    Plaintiff,

v.                                         Case No:   2:15-cv-223-FtM-38CM

GEORGE L. OLSEN, SANDRA J.
OLSEN, SANDRA J. WYSOCKI and
ROBERT WYSOCKI,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Whirlpool Corporation's Motion for Clerk's Entry of Default Judgment against Defendants George L. Olsen and Sandra J. Olsen (Doc. #35) filed on August 5, 2015.  Defendants George and Sandra Olsen failed to file a response in opposition.  This matter is now ripe for review.

## Background[2]

Plaintiff Whirlpool Corporation ("Whirlpool") initiated this lawsuit against Defendants George L. Olsen, Sandra J. Olsen, Sandra J. Wysocki, and Robert Wysocki on April 8, 2015. (Doc. #1). Bassgar-Illinois, Inc. ("Bassgar") was a business that sold Whirlpool consumer appliances. (Doc. #7, at ¶15). Whirlpool sold consumer appliances to Bassgar and sent invoices to Bassgar accordingly. (Doc. #7, at ¶16; Doc. #7-1).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] This background section comes from the operative Complaint (Doc. #7).

Bassgar, however, failed to pay Whirlpool. (Doc. #7, at ¶18). Bassgar now owes Whirlpool $529,409.65. (Doc. #7, at ¶20; Doc. #7-2, at 82-86). Bassgar has now gone out of business. (Doc. #7, at ¶19).

George and Sandra Olsen, along with Sandra and Robert Wysocki, personally guaranteed Bassgar's indebtedness to Whirlpool. (Doc. #7, at ¶¶17, 21; Doc. #7-2, at 73-81). They, however, failed to pay Bassgar's outstanding debt. (Doc. #7, at ¶22). In light of their failure, Whirlpool claims defendants breached their guaranties (Count I) and contracts (Count II) and thus Whirlpool has been damaged. (Doc. #7, at ¶32).

Whirlpool properly served George and Sandra Olsen on April 15, 2015. (Doc. #9; Doc. #10). To date, George and Sandra Olsen have failed to timely respond to the operative complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i). On June 3, 2015, the Clerk *sua sponte* entered a clerk's default against George and Sandra Olsen pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. #23). To date, George and Sandra Olsen have failed to answer, respond, or otherwise make an appearance in this case. Now, Whirlpool seeks an entry of default judgment pursuant to Rule 55(b)(1). To support its Motion, Whirlpool filed an affidavit. (Doc. #35 at 8).

## Discussion

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

Upon review of the record, the Court is satisfied Whirlpool's claim is for a sum certain and this sum is supported with an affidavit. (Doc. #35 at 8). The record does not

reflect Defendants George and Sandra Olsen are minors or incompetent. Under the plain language of Rule 55(b)(1), no further hearing is necessary. *See Jon D. Derrevere, P.A. v. Mirabella Found.*, No. 6:10-cv-925-Orl-28DAB, 2011 WL 1983352, at *3 (M.D. Fla. Apr. 26, 2011). As such, the Clerk must enter judgment for the amount and costs against Defendants George and Sandra Olson, here $529,409.65. (Doc. #30-1). *See Halpin v. David*, No. 4:06cv457-RH/WCS, 2009 WL 455354, at *1 (N.D. Fla. Feb. 19, 2009) (emphasizing that in sum certain cases that the clerk "must" enter a default judgment.).

Accordingly, it is now **ORDERED:**

1. Whirlpool Corporation's Motion for Clerk's Entry of Default Judgment against Defendants George L. Olsen and Sandra J. Olsen (Doc. #35) is **GRANTED**. The Clerk must enter judgment for Plaintiff Whirlpool Corporation and against Defendants George and Sandra Olson, in the amount of **$529,409.65**, pursuant to Federal Rule of Civil Procedure 55(b)(1).

2. This action is **DISMISSED with prejudice** as it relates to Defendants George and Sandra Olson <u>only</u>.

3. This case remains open as it relates to Plaintiff Whirlpool Corporation and Defendants Sandra and Robert Wysocki.

**DONE** and **ORDERED** in Fort Myers, Florida, this 25th day of August, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record