UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHIRLPOOL CORPORATION,

        Plaintiff,

v.                                                  Case No:  2:15-cv-223-FtM-38CM

GEORGE L. OLSEN, SANDRA J.
OLSEN, SANDRA J. WYSOCKI
and ROBERT WYSOCKI,

        Defendants.
_____

### REPORT AND RECOMMENDATION[1]

Before the Court is the Whirlpool Corporation's Petition for Attorneys' Fees Under Local Rule 4.18 (Doc. 42).[2] Defendants, George L. Olsen and Sandra J. Olsen (the "Olsens"), have not filed a response, and the time has expired to do so. Plaintiff requests an award of $17,262.81 in attorneys' fees and costs as the prevailing party

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

in this case. For the reasons set forth below, the Court recommends that the motion be granted in part.

## I. Background

Plaintiff filed this action against the Olsens and Sandra J. Wysocki and Robert Wysocki (the "Wysockis") on April 9, 2015. Doc. 1. Plaintiff later filed an Amended Complaint (Doc. 7) alleging that the all four Defendants executed personal guaranties, guarantying payment of the indebtedness that Bassgar-Illinois ("Bassgar"), an authorized seller of Plaintiff's appliances, owed to Plaintiff. Doc. 7 at 3. When Bassgar failed to pay the invoices when due, Plaintiff alleges that Defendants, as guarantors, also failed to pay the amounts due under the guaranties. *Id.*

On May 14, 2015, Plaintiff moved for a clerk's default against all four Defendants for failure to respond to the amended complaint. Doc. 15. Later that day, the Wysockis filed their answer. Doc. 17. The Court granted Plaintiff's motion in part and entered a clerk's default against the Olsens but the Court declined to enter a clerk's default against the Wysockis because the Wysockis filed an answer. Doc. 22. On August 5, 2015, Plaintiff moved for a default judgment to be entered against the Olsens.[3] Doc. 35. U.S. District Judge Sheri Polster Chappell granted Plaintiff's motion for default judgment against the Olsens. Doc. 40. Judgment was

---

[3] Plaintiff previously was granted a default judgment against the Olsens but the judgment was later vacated because the Olsens were not served with the motion for default judgment. Doc. 34. Plaintiff was permitted to file an amended motion for default judgment and was directed to ensure that it was served upon the Olsens. *Id.* at 2.

entered in the amount of $529,409.65. Doc. 41. As the prevailing party, and pursuant to Rule 54(d), Plaintiff moves for an award of attorneys' fees and costs. Doc. 42.

## II. Analysis

Plaintiff alleges that pursuant to the terms of the Personal Guaranty ("Olsen Guaranty"), attached as Exhibit B to the Amended Complaint, the Olsens are liable for the attorneys' fees that Plaintiff incurred in prosecuting this action. Doc. 42 at 2. Specifically, the Olsen Guaranty provides in pertinent part that the Olsens agree to "pay or reimburse Whirlpool for all expenses, court costs and attorneys' fees, paid or incurred by Whirlpool in endeavoring to collect the Indebtedness or any part thereof, or in enforcing this Guaranty." Doc. 7-2 at 74. Plaintiff has submitted the detailed timesheets of Warner Norcross & Judd LLP ("WNJ") and Carlton Fields Jorden Burt, P.A. ("CFJB") along with affidavits detailing the qualifications of some of the attorneys that worked on this case. Docs. 42-1, 42-2. Plaintiff asserts that it incurred $17,262.71 in attorneys' fees and costs prosecuting this action. Doc. 42 at 2.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the reasonable amount of hours,

the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The court must exclude hours that were not reasonably expended and hours that are redundant, excessive, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The party requesting the fee should submit documentation in support of the request. *Id.* at 433. If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id.*

a.   *Reasonable Hourly Rate*

In support of its request, Plaintiff submitted affidavits attaching time sheets and the background and qualifications of some of the attorneys that worked on this case. Docs. 42-1, 42-2. Plaintiff seeks the following rates for both attorney and what appears to be paralegal time as set forth in the attorney affidavits (Docs. 42-1 at 2-3; 42-2 at 2-3):

WARNER NORCROSS & JUDD LLP

| Attorney Elisabeth M. Von Eitzen | 9.9 hours | @ $375.00 per hour | $3,712.50 |
|---|---|---|---|
| Attorney Stephen Grow | 10.1 hours | @ $480.00 per hour | $4,848.00 |
| Rachel Fox | 4.2 hours | @ $260.00 per hour | $1,092.00 |
| Total | | | $9,652.50 |
| Reduction[4] | | | $ (482.63) |
| TOTAL | | | $9169.87 |

---

[4] Plaintiff indicates that a 5% discount was applied. Doc. 42 at 3 n. 1.

CARLTON FIELDS JORDEN BURT, P.A.

| Attorney Stephanie E. Ambs | 18.2 hours | @ $315.00 per hour | $5,733.00 |
|---|---|---|---|
| Attorney Donald Kirk | 2.4 hours | @ $472.50 per hour | $1,134.00 |
| John Pelletier-Turner[5] | 2 hours | @ $207.00 per hour | $414.00 |
| **TOTAL** | | | $7,281.00[6] |

The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). The prevailing market in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida. *See Olesen-Frayne v. Olesen*, 2009 WL 3048451 *2 (M.D. Fla. 2009).

---

[5] The Court notes that the invoice submitted by Plaintiff states that the services performed by John Pelletier-Turner were done under the supervision of admitted attorneys as Mr. Pelletier-Turner is not admitted to practice law.

[6] This total is $126.00 more than the total provided by Plaintiff. Based on the Court's calculations, this excess came from the July 22, 2015 invoice. Doc. 42-2 at 10. Plaintiff calculates that fees for that invoice as totaling $126.00 and also notes that "the time entry for June 8, 2015 was originally 1.6 hours, of which .3 hours involved research regarding the default judgment against the Olsen Defendants." Doc. 42 at 3. The Court accounted for this reduction but still calculated the total on that invoice to be $252.00. Attorney Kirk billed .2 hours at a rate of $472.50 for a total of $94.50. Doc. 42-2 at 10. Attorney Ambs billed a total of .5 hours at a rate of $315.00 per hour for a total of $157.50. *Id.* That brings the total for the July 22, 2015 invoice to $252.00, not $126.00.

Upon review of the time sheets, the Court finds that the attorneys' hourly rates given their experience are not in line with the prevailing rate in the Fort Myers, Florida market.[7] Plaintiff seeks to reimburse Attorney Grow at an hourly rate of $480.00 per hour. Doc. 42 at 4. As grounds, Plaintiff states that Attorney Grow is the chair of WNJ's Restructuring and Insolvency Practice Group. *Id.* at 5. He also is a partner at WNJ and has been with the firm since 1986. *Id.* Attorney Grow has been ranked in Best Lawyers of America since 2007 and named one of Michigan's Super Lawyers from 2008-2010 and 2013-present. *Id.* While $480.00 per hour may be the prevailing market rate in Grand Rapids, Michigan, it is not the prevailing market rate in Fort Myers, Florida. "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The Court notes, however, Attorney Grow has nearly 30 years of experience, and thus the Court concludes that $425.00 per hour is a reasonable rate for Attorney Grow. *See Hamprecht v. Hamprecht*, 2013 WL 1155675, at *3-4 (M.D. Fla. 2013) (finding $400.00 rate for a law firm partner with language skills who had practiced for 15 years to be reasonable for the Fort Myers market); *See also Troche* 2015 WL 631380 *3-4 (M.D. Fla. 2015) (finding that a rate of $400.00 per hour was reasonable for an attorney with over 20 years of experience). The Court finds

[7] The attorneys from WNJ are based out of Grand Rapids, Michigan. Doc. 42 at 6. The attorneys from CFJB are based out of Tampa, Florida. *Id.*

that a rate of $425.00 per hour is warranted given Attorney Grow's nearly 30 years of experience.

Plaintiff also requests an hourly rate of $375.00 per hour for Attorney Von Eitzen, who also is a partner at WNJ and been practicing since 2006. Docs. 42 at 5, 42-1 at 2. Attorney Von Eitzen specializes in the area of creditors' rights and bankruptcy law. Doc. 42-1 at 2. She also has been named to the Michigan Super Lawyers Rising Stars in 2013, 2014 and 2015. *Id.* This Court has previously determined that $350.00 an hour is a reasonable rate in the Fort Myers, Florida market for an attorney of such experience. *See Kountze v. Kountze,* 2:12-cv-308-FtM-29DNF, Doc. 48 (M.D. Fla. Oct. 30, 2012). Accordingly, the Court will reduce Attorney Von Eitzen's hourly rate to $350.00 per hour.

The Court also finds that the requested rate of $315.00 per hour for associate attorney Stephanie E. Ambs should be reduced to $225.00 per hour. Attorney Ambs is an associate at CFJB and regularly represents creditors in litigation and bankruptcy proceedings. Doc. 42 at 5. This district previously has determined that an hourly rate of $225.00 per hour is a reasonable rate for an associate in the Fort Myers, Florida market. *See Hamprecht,* 2013 WL 1155675 at *4.

The Court also notes that Plaintiff seeks reimbursement for Rachel E. Fox of WNJ at a rate of $260.00 per hour, Donald Kirk of CFJB at a rate of $472.50 and John Pelletier-Turner of CNJB at a rate of $207.00 per hour. Doc. 42-1 at 6, 42-2 at 6. Plaintiff, however, provides no information regarding these individual's levels of experience, years of practice or whether they are attorneys or paralegal. An invoice

from CFJB indicates that Mr. Pelletier-Turner is not admitted to practice; thus, the Court assumes that he is a paralegal. Doc. 42-2 at 6; *Norman*, 836 F.2d at 1303 (stating that courts often are faced with inadequate fee applications and thus may consider its own knowledge and experience concerning the reasonableness of the fees). Accordingly, the Court will reduce his hourly rate to $125.00 as the reasonable market rate for the Middle District of Florida. *Hamprecht*, 2013 WL 115675 at *4. Based on the hourly rate requested for Rachel E. Fox in comparison to the rates requested for the attorneys at WNJ, the Court also assumes that Ms. Fox is an associate; thus, her rate also will be reduced to $225.00 per hour. Additionally, the Court assumes that Donald Kirk is licensed to practice law as there is no notation on the invoices indicating that he is not licensed, as compared to the notation specifically indicating that Mr. Pelletier-Turner is not licensed to practice law. Doc. 42-2 at 2. Based on the Court's knowledge and experience, Attorney Kirk appears have more experience than Attorney Ambs because the requested hourly rate is significantly higher than that of Attorney Ambs. *Id.* Without adequate information supporting the requested rate, however, the Court will reduce Attorney Kirk's hourly rate to $275.00 per hour as a reasonable hourly rate.[8] *See Kountze v. Kountze*, 2:12-cv-308-

---

[8] It claimant's burden to provide the Court with sufficiently detailed evidence for the Court to determine a reasonable hourly rate. *Barnes*, 168 F.3d at 427. Plaintiff failed to meet its burden of providing the Court with sufficiently detailed information; but in an effort to afford Plaintiff some leniency, the Court made several assumptions based on its own knowledge and experience. *Norman*, 836 F.2d at 1303. Should Plaintiff have any objections to this Report and Recommendation, Plaintiff shall notify the Court of whether any of its assumptions were incorrect and provide the Court with sufficiently detailed information for the Court to consider the requested hourly rates and whether the requested rates are reasonable.

FtM-29DNF, Doc. 48 (M.D. Fla. Oct. 30, 2012) (finding that a rate of $275.00 is a reasonable hourly rate when no information is provided as to the attorney's level of experience).

### b.   *Reasonable Number of Hours Worked*

Plaintiff has provided time sheets showing that 40.6 attorney hours and 6.2 paralegal hours were expended to prosecute this action through default judgment. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel.  *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman*, 836 F.2d at 1301).  A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims.  *Id.* (citing *Norman*, 836 F.2d at 1301-02).

Upon review of the time sheets, the Court finds that they are sufficiently detailed for the Court to consider and the Court finds the time expended to be reasonable.  There were no entries for clerical as opposed to legal work that should be deleted as unreasonable for this case.  Accordingly, the Court recommends that Plaintiff be awarded $13,707.50 in attorneys' fees based on the adjusted hourly rates listed below.

WARNER NORCROSS & JUDD LLP

| Attorney Elisabeth M. Von Eitzen | 9.9 hours | @ $350.00 per hour | $3,465.00 |
| --- | --- | --- | --- |
| Attorney Stephen Grow | 10.1 hours | @ $425.00 per hour | $4,292.50 |
| Rachel Fox | 4.2 hours | @ $225.00 per hour | $945.00 |

| TOTAL | | | $8702.50 |
|---|---|---|---|

CARLTON FIELDS JORDEN BURT, P.A.

| Attorney Stephanie E. Ambs | 18.2 hours | @ $225.00 per hour | $4,095.00 |
|---|---|---|---|
| Attorney Donald Kirk | 2.4 hours | @ $275.00 per hour | $660.00 |
| John Pelletier-Turner | 2 hours | @ $125.00 per hour | $250.00 |
| TOTAL | | | $5,005.00 |

### *c. Costs*

Plaintiff, as the prevailing party in this matter,[9] may seek an award of costs pursuant to Rule 54, Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 4.18. *See Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Ctr., Inc.*, 2014 WL 3396503, *1 (M.D. Fla. 2014). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

---

[9] *See, e.g., McMillan v. Masrtech Grp., Inc.*, 2014 WL 4297905, *6 (M.D. Fla. 2014) ("The plaintiff is clearly the prevailing party in this case, as his Motion for Default Judgment has been granted as to all of his claims.") (order adopting report and recommendation) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 603 (2001) (defining a prevailing party as one who has been awarded relief by the court)); *see also Jean-Louis v. Greenberg*, 2009 WL 3387484, *2 (S.D. Fla. 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party.") (order adopting report and recommendation); *Hernandez v. Cantor Granite Desing, LLC*, 2014 WL 5038596, *4 (M.D. Fla. 2014) (order adopting report and recommendation) (quoting *Jean-Louis*, 2009 WL 3387484, at *2).

"[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Filing fees, as fees of the Clerk, are taxable under 28 U.S.C. § 1920. *See Lookout Mountain*, 2014 WL 3396503, at *1 (finding the $350 fee for the Clerk taxable under section 1920); *Family Oriented Cmty. United Strong, Inc. v. Lookheed Martin Corp.*, 2012 WL 6575348, at *1 (M.D. Fla. 2012) (taxing filing fees as fees of the Clerk); *Pacific Food Solutions, LLC v. G H Intern., Inc.*, 2014 WL 3747345, at *4 (M.D. Fla. 2014) (finding a $400 filing fee reasonable and taxable). Private process server fees also are taxable costs. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed pursuant to 28 U.S.C. §§ 1920(1) and 1921). The undersigned therefore recommends that $15.49 be awarded

- 11 -

to WNJ and $922.35 be award to CFJB for a total $937.84 to be taxed against the Olsens.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

The Whirlpool Corporation's Petition for Attorneys' Fees Under Local Rule 4.18 (Doc. 42) be **GRANTED in part** and Plaintiff be awarded $13,707.50 in attorney and paralegal fees, and $937.84 in costs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of January, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record